■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE BRAVO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated October 9, 1963, which denied without a hearing his application to vacate a judgment of said court, rendered April 6, 1960 after a jury trial, convicting him of robbery in the first degree, assault in the second degree and petit larceny, and imposing sentence. The judgment of conviction was previously affirmed by this court (13 A D 2d 521, mot. for lv. to app. den. May 10, 1961 [FULD, J.]). Order affirmed. On the sentencing, at which defendant was represented by counsel, the court expressly referred to the portions of the probation report which are to the effect that defendant had not been supporting his wife and two children in the South or his family here and had been caught with a gun several times. Neither defendant nor his attorney denied these assertions. Defendant may not now complain that they were untrue. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROBERT COWAN, Respondent.— Appeal by the People from an order of the former County Court, County of Kings, dated August 30, 1962, which granted defendant's oral motion pursuant to section 668 of the Code of Criminal Procedure, to dismiss for lack of prosecution an indictment charging that on August 5, 1961 defendant committed the crimes of attempted rape in the first degree, assault in the second degree (two counts) and abduction. Order reversed on the law and the facts; indictment reinstated; and defendant's motion to dismiss denied without prejudice to renewal on proper papers, as indicated herein. Having reviewed the record on appeal and the former County Court's records maintained in connection with this action, we are unable to determine whether the learned Judge correctly decided defendant's motion. Defendant's oral motion did not state any facts in its support. The brief exchange between the court and the prosecutor is equally capable of construction in support of, and against, the court's decision. In our opinion, an oral motion to dismiss an indictment for lack of prosecution pursuant to the statute (Code Crim. Pro., § 668) should not be entertained unless the People state that they consent to the granting of the motion. We hold that in all other cases, until the adoption of appropriate rules in the counties within the Second Judicial Department, applications to dismiss indictments pursuant to section 668 of the Code of Criminal Procedure shall be made upon prior written notice of motion and shall be supported by affidavits; and that affidavits in opposition shall be submitted by the People. Records proper in form and content will thus be before us; and the rights of both the People and the defendant will tend, on appeal, to be better secured than they are under the present informal practice (cf. *People* v. *Lombardi*, 18 A D 2d 177, affd. 13 N Y 2d 1014). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.