## (January 23, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM McDONALD, by MAURICE BRILL, Relator, v. WARDEN, NEW YORK CITY HOUSE OF DETENTION FOR MEN, RIKERS ISLAND, Respondent.— On the return of a writ of habeas corpus (production of the relator having been waived), writ dismissed, without

costs. Latham, Acting P. J., Cohalan and Munder, JJ., concur; Shapiro, J., dissents and votes to sustain the writ and to dismiss indictment No. 6814/72, with the following memorandum, in which Christ, J., concurs: Relator was arrested on July 5, 1972, and on July 13, 1972 was indicted on two counts of murder. He entered a plea of not guilty on August 1, 1972. He has been incarcerated since his arrest and seeks release on the ground that he has been denied his right to a speedy trial. The issue of delay was first raised by relator during the course of a hearing on a bail application on July 23, 1973. In October, 1973 a motion to dismiss the indictment, based upon the failure of the People to afford him a speedy trial, was denied on the ground that other cases on the court's calendar had been pending longer than his. Thereafter, similar relief was sought on the return of a previous habeas corpus proceeding at Special Term. The writ therein was dismissed on January 7, 1974 on the ground of calendar congestion and heavy case loads, but the court ordered that the case be tried during the February term or be dismissed. The instant proceeding followed. To determine whether a defendant's right to a speedy trial has been violated, we must balance the facts in each case, giving consideration to the length of the delay, the reason therefor, the assertion of the right and the prejudice to the defendant (*Barker* v. *Wingo*, 407 U. S. 514, 530–533; *People* v. *Wilt*, 43 A D 2d 658). Relator has been incarcerated since July 5, 1972, a period in excess of 18 months. He was unable to post a bond and his repeated demands for a speedy trial have met with no success. In addition, it now appears that relator's alibi witnesses (whom defense counsel interviewed in August, 1972 and May, 1973) can no longer be located. The Assistant District Attorney contends that the existence of such witnesses was not made known to his office until August, 1973. It appears, however, that the name of one of these witnesses was supplied to him before that time. He concedes, too, that his office never served an alibi demand and that the names of the witnesses were voluntarily supplied to him by relator's counsel. Upon the argument of this writ he also conceded that his office, after diligent investigation, has been unable to locate either of the witnesses. The harm to relator is therefore clear. It should be noted, too, that there is no contention that relator at any time requested or even acquiesced in an adjournment or postponement of the trial on the instant indictment. In *People* v. *Ganci* (27 N Y 2d 418, cert. den. 402 U. S. 924) the court held that a 16-month delay, not caused by the prosecutor or the defendant but solely by a congested calendar, was not a ground for dismissal of an indictment (cf. *People* v. *Minicone*, 28 N Y 2d 279). Ganci was not otherwise prejudiced. The ultimate responsibility for delays due to overcrowded courts rests with the government (*Barker* v. *Wingo*, 407 U. S. 514, 531, *supra*). The delay in the instant case has resulted in the loss of alibi witnesses. Under the circumstances, the delay has not only been inordinate but also prejudicial to relator. The writ should therefore be sustained and the indictment dismissed (*Strunk* v. *United States*, 412 U. S. 434, 439–440). I recognize that a dismissal here might be freeing a guilty defendant, but the responsibility for that rests not on the courts — nor even the District Attorney — but upon those who by their control of the budget have starved the courts and their ancillary services to the point where they cannot proceed with the expedition that the Constitution requires.