THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FERNANDO RODRIGUEZ, Appellant.

First Department, June 4, 1974.

*Carolyn Wheat* of counsel (*William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Jeffrey Philip Sinensky* of counsel (*Mario Merola, District Attorney*), for respondent.

LYNCH, J. The defendant was convicted after trial of criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree. He had been indicted on June 14, 1971 and his case was moved for trial 15 months later, on September 11, 1972. In the interim he had been convicted of a crime in Puerto Rico and since November 26, 1971 had been serving his sentence in the Atlanta Federal Penitentiary. Prior to the *voir dire* on the trial herein, he moved orally to dismiss the indictment for failure to be accorded a speedy trial (CPL 30.20; U. S. Const., 6th Amdt., held applicable to the States, *Klopfer* v. *North Carolina,* 386 U. S. 213).

The motion, having been made prior to the commencement of the trial, was timely (CPL 210.20, subd. 2). The defendant's incarceration in Atlanta can serve neither as an explanation for

the delay nor as an excuse (*People* v. *Piscitello,* 7 N Y 2d 387; *People* v. *Wallace,* 26 N Y 2d 371).

The defendant's counsel stated to the court that the reason for the motion was that the defendant "feels one or more of his witnesses may now be unavailable to him". The court inquired if the defendant had made any requests for a trial. Through an interpreter the defendant said that he had asked for a trial in a letter about two months earlier sent to "the secretary of the Supreme Court". The court commented that two months was a "reasonable delay of time" to arrange a transfer from Atlanta to New York and asked if there was any proof that the defendant was prejudiced by the delay. The defendant's counsel explained that a male and a female had been indicted with the defendant; that while the male was available as a witness for the defendant, the female had not appeared in court and that there was a bench warrant out for her. The court, stating that the male was available as a witness and that the female had disappeared before the defendant had demanded a trial, denied the motion.

During this colloquy leading up to the decision, the prosecuting attorney was not asked for any explanation or excuse for the time interval, offered no proof and uttered no word.

Since the court determined that the two months following the demand was a reasonable time within which to have moved the defendant's trial and that there was no prejudice to the defendant because the female witness had disappeared prior to the demand, we conclude that the court was under the impression that a demand for a trial is a prerequisite to a motion to dismiss for failure to provide a speedy trial. Not only is a demand not a prerequisite but a delay of 15 months in this type of case calls for a full scale inquiry in which the conduct on both sides should be weighed.

The necessity of a prior demand by the defendant, at the risk of waiving his right to a speedy trial, has recently been considered by the United States Supreme Court in *Barker* v. *Wingo* (407 U. S. 514) where the court addressed itself directly to those States having a demand-waiver rule. Declaring that no defendant has a duty to bring himself to trial and that the prosecutor must satisfy the public's interest in speedy trials, the court rejected "the rule that a defendant who fails to demand a speedy trial forever waives his right". It adopted another rule, "that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right" (p. 528).

The court recognized, moreover, that New York is one of eight States that had rejected the demand-waiver rule and the rule it adopted is, in fact, ours. " It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver " (*People* v. *Prosser,* 309 N. Y. 353, 358).

It also follows that a 15-month delay cannot be held reasonable only because the defendant's demand was two months old, and that he was not prejudiced because his witness was missing before the demand was made.

Where the length of the delay is presumptively prejudicial, it should serve to trigger an inquiry in which the conduct of both the prosecution and the defendant is to be weighed with respect to, among other factors, the length of the delay, the reason for it, the defendant's assertion of his right and the prejudice to him (*Barker* v. *Wingo,* 407 U. S. 514, *supra*). " The length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge " (pp. 530–531). Bearing in mind that the defendant's incarceration provides the prosecution with neither an explanation nor an excuse (*People* v. *Wallace,* 26 N Y 2d 371, *supra*), a 15 months' delay for a narcotics selling and possession charge is presumptively prejudicial enough to warrant such an inquiry. (*People* v. *Townsend,* 38 A D 2d 569. See, also, *People* v. *Masselli,* 13 N Y 2d 1; *People* v. *Wallace, supra.*)

A motion to dismiss an indictment under CPL 210.20 must be made upon proper papers and on notice (CPL 210.45). One made orally and without notice should not be granted (*People* v. *Ryan,* 42 A D 2d 869). Upon remand, the motion should be renewed on proper papers (*People* v. *Cowan,* 21 A D 2d 687).

The question of the reasonableness of the delay herein is remanded to the Trial Justice for hearing and determination, the appeal being held in abeyance in the interim.

LUPIANO, J. (concurring). I concur in the result reached on the basis that the record herein warrants a hearing on the reasonableness of the delay. The People delineate a factual basis justifying the delay in their brief, which factual basis is *dehors*

the record. Accordingly, justice and reason mandate that defendant-appellant be afforded a hearing on this issue.

KUPFERMAN, J. (dissenting). "No one questions that a defendant is entitled to a speedy trial (Code Crim. Pro., § 668 [now CPL 30.20]; Civil Rights Law, § 12; U. S. Const., 6th Amdt.), or that the burden of proceeding promptly rests on the State and not on the defendant (*People* v. *Prosser*, 309 N. Y. 353)." (*People* v. *Piscitello*, 7 N Y 2d 387, 388.)

There is no dispute about the continued validity of the foregoing statement. (See, also, *People* v. *Wallace*, 26 N Y 2d 371.)

In *Barker* v. *Wingo* (407 U. S. 514, 516) the United States Supreme Court set out the criteria "by which the speedy trial right is to be judged."

We have, in this case, a defendant convicted of criminally selling dangerous drugs, who was indicted on June 14, 1971. He pleaded not guilty on July 2, 1971, and the case was adjourned until July 13, 1971. He then returned to Puerto Rico to face trial on charges there pending against him, which trial went through September and into October, 1971, resulting in his conviction on a six-count drug indictment. On November 26, 1971, he was sentenced in the United States District Court for the Commonwealth of Puerto Rico to a term of 15 years in Federal prison, and thereafter transferred to the United States Penitentiary in Atlanta, Georgia. Pursuant to a writ of habeas corpus he was returned to the Puerto Rico State Prison on May 10, 1972, and again sent to the United States Penitentiary in Atlanta on June 27, 1972. In July, 1972, the Bronx District Attorney's office arranged by writ of habeas corpus *ad prosequendam* for him to be produced in August, 1972, and the case was adjourned on August 24, 1972. For some reason, the correction authorities did not produce him, and the trial actually began on September 11, 1972. The foregoing facts are not contradicted.

The motion in this matter was made orally prior to the *voir dire* at the trial. The majority opinion, while indicating that a motion to dismiss an indictment under CPL 210.20 must be made on proper papers and on notice (see *People* v. *Ryan*, 42 A D 2d 869 [2d Dept., 1973]) and directing that the motion be remanded for proper papers, holds that a 15 months' delay, even under these circumstances, requires a full inquiry with the implication that the delay here may be too substantial.

In *Barker* v. *Wingo* (*supra*) a delay of some 5 years was held not to deprive the defendant of his due process right to a speedy trial. Four factors were considered in depth: "Length

of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (p. 530). The court was unanimous in its conclusion, with the two concurring Judges emphasizing the problem of interfering with the defendant's liberty, whether or not he is free on bail. In this case, the defendant was clearly otherwise engaged. Further, the public's interest in a speedy determination (*Barker* v. *Wingo, supra*, p. 519) was not here a factor.

The defendant's incarceration does not avoid or denigrate from his right to a prompt determination (*People* v. *Wallace, supra*, p. 374). Nonetheless, there is a large backlog of criminal matters requiring disposition. At June 30, 1972, in Bronx County there were 3,110 criminal proceedings pending in the Supreme Court. (Eighteenth Annual Report of N. Y. Judicial Conference, 1973, p. 365.) According to the report of the District Attorney of Bronx County, there were 3,333 defendants awaiting trial the week ending June 29, 1973. (Nineteenth Annual Report of N. Y. Judicial Conference, 1974, p. 296.)

Under such circumstances, to consider that this case should have been rushed to trial in less than the 15 months that it actually took, is to cast aspersion on the whole criminal justice system.

"The amorphous quality of the right [of a speedy trial] also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried." (*Barker* v. *Wingo, supra*, p. 522.)

In this case, the defendant has already been found guilty by a Bronx jury of serious crimes, and the only real question is whether his indeterminate concurrent sentences of up to 7 and 10 years should run, as imposed, concurrently with his 15-year Federal sentence now being served, or consecutively thereto. (See Penal Law, § 70.25, subd. 1.)

I would affirm.

NUNEZ, J. P., and MURPHY, J., concur with LYNCH, J.; LUPIANO, J., concurs in an opinion; KUPFERMAN, J., dissents in an opinion.

The question of the reasonableness of the delay herein is remanded to the Trial Justice for hearing and determination. Final determination of the appeal from the judgment of the Supreme Court, Bronx County, rendered on November 6, 1972, is held in abeyance pending the results of such hearing.