THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McDONALD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 19, 1974, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts and as a matter of discretion in the interest of justice, and indictment dismissed. Through no fault of his own, and despite his request for a speedy disposition of his case, defendant was not brought to trial for some 19 months after indictment. He was incarcerated during all that period. Prior to his trial defendant applied to this court for a writ of habeas corpus on the ground that he was being denied a speedy trial. This court dismissed his writ, with Mr. Justice Shapiro dissenting in a memorandum in which Mr. Justice Christ concurred *(People ex rel. McDonald v Warden, N. Y. City House of Detention for Men,* 43 AD2d 857, affd 34 NY2d 554). The dissenting memorandum fully set forth the facts of the delay in prosecution, so that they need not be repeated here. The Court of Appeals, in affirming, did not reach the merits, saying *(supra,* p 555); "In a pending criminal action, habeas corpus brought on the ground of denial of the right to a speedy trial generally should be denied, without necessarily reaching the merits, when the action is brought to trial. Because habeas corpus depends upon a clear right to a discharge and is a summary remedy, its denial does not preclude raising again of the issue of a right to a speedy trial in the criminal action or any appeal therein provided the issue has been preserved by proper objection, motion or otherwise." When defendant again raised the issue on the trial, it became clear that the alibi witness, one Pearson, whose name had been given to the District Attorney long before, was not available. His evidence was necessary and material to establish that on the day when defendant was alleged to have committed the crime for which he stands convicted he and the witness were out of the State purchasing an automobile. The written documents introduced into evidence tended to substantiate defendant's purchase of the automobile and therefore to sustain his alibi. Under those circumstances, what was stated in the dissent in this court about the potential prejudice to defendant in having lost a witness has now proved to be an actuality. Therefore, without laying down a rule that a lapse of 19 months *ipso facto* warrants a dismissal, but for the reasons pointed out in the dissenting memorandum, as thereafter amplified by Judge Samuel Rabin (now a

member of this court) in *People v Blakley* (34 NY2d 311), the judgment of conviction must be reversed and the indictment dismissed. If we were not dismissing the indictment we would in any event reverse the judgment in the interest of justice, because of the following statement by the District Attorney in summation: "The District Attorney does not have to call Mrs. Pearson. The defendant doesn't have to call any witnesses, but if she's going off with the alibi—his alibi witness is Mrs. Pearson. *He has an address for Mr. Pearson.* The girl told us where he was in Detroit." Knowing full well that defendant had many months before the trial supplied him with the name of Pearson as an alibi witness and that his efforts to locate Pearson had been unsuccessful, it was manifestly unfair for the District Attorney to imply to the jury that there was some dereliction on the part of defendant in not producing that witness. A defendant who has been denied a speedy trial, when requested by him, and who as a consequence has been deprived of the testimony of a material witness, a fact known to the District Attorney, should not be whipsawed by the District Attorney in the manner here attempted. Rabin, Acting P. J., Hopkins and Shapiro, JJ., concur; Latham and Munder, JJ., dissent and vote to affirm.