■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY A. BUCHANAN, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered December 6, 1974, upon a verdict convicting defendant of the crime of petit larceny. In December of 1972 defendant was indicted and charged with four counts of tampering with public records in the first degree and one count of grand larceny in the third degree. Although she was arraigned on December 20, 1972 and released on bail, the trial which resulted in her conviction of petit larceny did not commence until November 4, 1974. Various defense motions were made following arraignment and were decided by February 27, 1973. Thereafter, a pretrial conference took place in late March of 1973 at which time plea negotiations failed to produce any final disposition of the pending charges. When the prosecution notified the defendant in October of 1974 that a trial date had been set and that it intended to offer certain oral admissions of the defendant as evidence, the defendant moved, on notice and in writing, to dismiss the indictment for want of a speedy trial. Among other issues raised on this appeal, it is contended that the denial of that motion was erroneous. The record reveals that although this case was ready to be tried following the March, 1973 conference, nothing of significance took place until the defendant, some 19 months later, was notified of a trial date. From remarks made at the time the speedy trial issue was argued, it appears that the prosecution attributed this gap to calendar congestion and suggested that the defendant had acquiesced in the delay. Specific mention was made of a policy of resolving cases in which the accused was incarcerated as a priority. On the other hand, defense counsel stated that he had not requested any

adjournments during this period and called the court's attention to at least two prior trials in which the defendants had also been free on bail. Without any evidentiary support therefor, the trial court found that "if there has been any delay * * * it has been the reluctance of the defendant with respect to proceeding to trial." This colloquy between court and counsel hardly furnishes an adequate basis upon which the merits of defendant's speedy trial argument may be decided or reviewed. The circumstances of this case are much the same as those presented in *People v Kornegay* (51 AD2d 630). The question of the reasonableness of the delay must, accordingly, be remitted to the trial court for a hearing and determination with final argument and disposition of the appeal held in abeyance pending the results thereof *(People v Johnson,* 38 NY2d 271; *People v Ranellucci,* 50 AD2d 105). We reach no other issue. Determination of the appeal withheld and case remitted to the County Court of Clinton County for further proceedings not inconsistent with the decision herein. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.