■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. KORNEGAY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 25, 1974, upon a verdict convicting defendant of violations of sections 165.40 and 170.25 of the Penal Law. On this appeal, defendant raises only two questions: (1) whether the judgment of conviction should be reversed and the indictment dismissed on the ground he has been denied his right to a speedy trial; and (2) was the evidence at trial, as a matter of law, insufficient to sustain a conviction for violation of section 170.25 of the Penal Law as charged in Count 1 of the indictment. The defendant was indicted on October 12, 1972 along with two others, and charged with criminal possession of a forged instrument in the second degree, contrary to section 170.25 of the Penal Law (two counts) and criminal possession of stolen property in the third degree, contrary to section 165.40 of the Penal Law. The defendant was tried in the Albany County Court on July 17 and 18, 1974. At the end of the People's case the second count of the indictment (violation of section 170.25 of the Penal Law) was dismissed by the court. On July 18, 1974 the jury rendered a verdict of guilty as to the first and third counts and on July 24, 1974 defendant was sentenced to an indeterminate sentence of imprisonment of not more than four years for the conviction of violation of section 170.25 of the Penal Law, a class D felony, and a sentence of an unconditional discharge on the conviction of violation of section 165.40 of the Penal Law, a class A misdemeanor. Defendant contends that he waited 22 months for a two-day trial and that this delay between his indictment and trial was excessive, unjustified and unexcusable and that, therefore, he was denied his right to a speedy trial. The record discloses that the defendant made a motion to suppress any potential statement which motion was denied in a four-page decision dated December 15, 1972. Defendant was free on bail and made no

motion until July 17, 1974 just prior to the selection of the jury. At that time, the defendant's counsel orally moved to dismiss the indictment "on the grounds that he was indicted in October, 1972, that at each and every term of your Honor's court and also that of your predecessor, we have marked this case ready and I feel that the delay in bringing the matter on for trial is prejudicial to this defendant at this time." The record discloses that the People had also marked the case ready for trial at each and every term of the court. Taking note of that fact, the court denied the motion stating: "This Court is fully aware of the calendar situation in Albany County and the necessity of reaching the cases where the defendant is incarcerated, pending trial, those cases having received first preference since at least January of '73 to date. Under the circumstances, the motion of the defendant is denied in the exercise of discretion, in the interest of justice and on the further ground that the People are in no way to blame for the delay, and further there has been no showing of any prejudice on the part of the defendant." Confining our considerations to the case at bar and not passing upon defendant's allegation that "the trial calendar practice in the Albany County Court is unconstitutional", we determine that it is necessary to withhold the determination of the appeal and remit the question of the reasonableness of the delay to the trial court for hearing and determination (People v Buchanan, 51 AD2d 624; People v Ranellucci, 50 AD2d 105; People v Cruse, 47 AD2d 821; People v Rodriguez, 45 AD2d 41). We note that the motion to dismiss the indictment was made orally and not on notice as required (CPL 210.45) and that it has been held that a motion so made should not be granted (People v Ryan, 42 AD2d 869). Upon remand, the motion should be renewed on proper papers (People v Rodriguez, supra, p 44; People v Cowan, 21 AD2d 687). We note also that no such motion was made during the entire 22-month period between indictment and the commencement of the trial. It has been determined, however, that a defendant who fails to demand a speedy trial does not forever waive his right (Barker v Wingo, 407 US 514). The United States Supreme Court also determined in Barker (supra, p 528), "that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." The question of the reasonableness of the delay herein is remitted to the Trial Judge for hearing and determination (People v Johnson, 38 NY2d 271). Final determination of the appeal from the judgment of the County Court, Albany County, rendered on July 18, 1974 is held in abeyance pending the results of such hearing and final argument thereon in this court. Determination of appeal withheld and case remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.