■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN JORDAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 19, 1980, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On this appeal, defendant contends, among other things, that his right to a speedy trial (US Const, 6th, 14th Amdts; CPL 30.20; Civil Rights Law, § 12) has been infringed. The issue was not raised by written motion as required by CPL 210.45 (see *People v De Rosa,* 42 NY2d 872; *People v Weinberg,* 59 AD2d 727) but it is urged that a prior *pro se* application for a writ of habeas corpus, which was denied by an order of this court from which order an appeal was dismissed by the Court of Appeals (*People ex rel. Jordan v Cunningham,* 51 NY2d 1007), is an adequate substitute. We disagree. The commencement of a pretrial collateral proceeding does not relieve a defendant from the requirement of making an appropriate protest in the form required by statute in the criminal proceeding and, if he fails to do so, no question of law is preserved for review on appeal from the judgment of conviction (see CPL 470.05, subd 2; *People v Middleton,* 54 NY2d 42, 48-49; *People v Johnson,* 42 NY2d 841; *People v Consolazio,* 40 NY2d 446, 455, cert den 433 US 914). This is especially true of habeas corpus. In *People ex rel. McDonald (Brill) v Warden* (34 NY2d 554, 555), the Court of Appeals, holding that habeas corpus was not an appropriate vehicle for challenging the denial of a speedy trial in a pending criminal proceeding, emphasized the necessity of raising the issue again in the trial court in order to preserve the question for appellate review (cf. *People ex rel. Harrison v Greco,* 38 NY2d 1025; *People ex rel. Williams v McNulty,* 45 AD2d 814). There being no question of law preserved, remission for an evidentiary hearing would be inappropriate (cf. *People v Corti,* 88 AD2d 345; *People v Jones,* 81 AD2d 22). With due respect to our dissenting colleague, we find the cases he cites to be inapposite. In *People v*

*Rodriquez* (50 NY2d 553), a proper motion to dismiss *was* made in the trial court (see p 556) and the Court of Appeals held that the defendant's subsequent conduct constituted a waiver of the issue. The question in this case is preservation, not waiver, which, as we have noted "is perhaps more properly conceived as a method of 'procedural default', whereby the failure to raise a timely claim of error — whether the omission be intentional or inadvertent — consigns the objection to permanent repose 'by operation of the state law of judgments' " (*People v Jones,* 81 AD2d 22, 29, *supra*). Similarly distinguishable is *People v Cruse* (47 AD2d 821). In that case, the habeas corpus application was timely made to the *trial* court. The Appellate Division, First Department, applying a commonsense approach, simply declined to treat the caption as dispositive inasmuch as the submission clearly satisfied the statutory requirements for a motion to dismiss brought in the court where the indictment was pending.(CPL 210.20, 210.45; see CPL 10.10, subd 2). It will not do to say that this court "is but a branch of the Supreme Court" (*State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 61). The Criminal Procedure Law establishes the practice and jurisdictional framework of the courts in all criminal cases (*Matter of Abe A.,* 56 NY2d 288, 294; *People v Gersewitz,* 294 NY 163, 167, cert den 326 US 687). Since the Legislature has not authorized this court to entertain motions to dismiss indictments except where a proceeding is pending at an Extraordinary Trial or Special Term of the Supreme Court (Judiciary Law, § 149, subd 2; see *People v Rosenberg,* 45 NY2d 251, 255-256), we were and are powerless to treat an original habeas corpus application as a motion to dismiss on the merits (see *Matter of Santangello v People,* 38 NY2d 536; *Matter of Alphonso C. [Morgenthau],* 38 NY2d 923). Indeed, the burden would be intolerable if we were to routinely do so. Moreover, subsequent to *People v Cruse* (47 AD2d 821, *supra*), the Court of Appeals held that a defendant has no constitutional right to conduct a *pro se* defense while simultaneously being represented by counsel (*People v Mirenda,* 57 NY2d 261). Emphatically rejected was the notion that "a defendant who [chooses] to be represented by counsel would have the right also to personally take part in the conduct of the trial by, for instance, making motions" (p 266, n). An attorney, subject to the constitutional limitation of effective assistance of counsel, has the right to make the day-to-day decisions governing the case and if he, as a matter of professional judgment, decides not to press a certain issue, it will be binding on the client (*Jones v Barnes,* 463 US __, 51 USLW 5151; see concurring opn of Chief Justice Burger in *Wainwright v Sykes,* 433 US 72, 93). While we have discretion to overlook a procedural default in the interests of justice, we perceive no reason in this case to do so. Defendant's remaining arguments have been considered and have been found to be without merit. Titone, J. P., Thompson and Rubin, JJ., concur.

Gibbons, J., dissents and votes to hold the appeal in abeyance and to remit the matter to the Supreme Court, Kings County, to hear and report on the issue of whether defendant was deprived of his constitutional right to a speedy trial, in accordance with the following memorandum: It is, of course, true that a motion to dismiss an indictment because of an alleged denial of the constitutional right to a speedy trial should be brought in the superior court where the indictment is pending, and should be in writing and upon reasonable notice to the People (CPL 210.20, subd 1, par [g]; 210.45). A failure to bring such a motion may be deemed a waiver (*People v Whisby,* 48 NY2d 834; see, also, *People v Key,* 45 NY2d 111, 116). However, at least where the speedy trial issue has been raised in some fashion, a waiver will not be found, absent a showing that the defendant, thereafter, intentionally relinquished or abandoned the claim (*People v Rodriquez,* 50 NY2d 553, 557). "In such a case, a record that is simply silent on the question will not overcome the 'presumption against

waiver' however denominated" (*People v Rodriquez, supra,* p 557). Thus, for example, whereas an oral motion to dismiss an indictment for failure to prosecute should generally be denied as brought in an inappropriate fashion (*People v Ray,* 58 AD2d 588), the issue itself will not be considered waived without further indicia demonstrating that such is the defendant's intent (see *People v Rodriquez,* 45 AD2d 41). Absent a showing of waiver, the defendant should be allowed to renew his motion on proper papers, even where the case has proceeded as far as the rendering of a judgment of conviction (*People v Rodriquez,* 45 AD2d 41, *supra;* see, also, *People v Dedmon,* 53 AD2d 646; *People v Cowan,* 21 AD2d 687). On or about September 9, 1980, defendant applied, *pro se,* to this court for a writ of habeas corpus, asserting, *inter alia,* violations of both his constitutional and statutory rights to a speedy trial. A suppression hearing was held on September 15, 1980, and the trial commenced two days later. The People submitted an affirmation in opposition to defendant's *pro se* application after the trial ended on September 23, 1980. We quite properly (see *People ex rel. McDonald [Brill] v Warden,* 34 NY2d 554, affg 43 AD2d 857), denied defendant's application, and the Court of Appeals dismissed the appeal from our order (*People ex rel. Jordan v Cunningham,* 51 NY2d 1007). Defendant's *pro se* habeas corpus application did not comply with the requirements of the CPL in that it was not brought in motion form, and it was presented to this court rather than to the Supreme Court, Kings County. However, these defects alone should not be deemed to result in a waiver of defendant's important constitutional right to a speedy trial. *People ex rel. McDonald (Brill) v Warden (supra)* is not to the contrary. The Court of Appeals noted in that case that the denial or dismissal of a writ of habeas corpus "does not preclude raising again of the issue of a right to a speedy trial in the criminal action *or any appeal therein* provided the issue has been preserved by proper objection, motion or *otherwise*" (34 NY2d 554, 555, *supra;* emphasis supplied). The use of the word "otherwise" clearly shows that the speedy trial issue can be preserved even in the absence of a motion brought pursuant to CPL 210.45. Moreover, when the application for a writ was brought in this court in *People ex rel. McDonald,* the defendant in the underlying criminal action had not yet been tried, but a trial was imminent (see dissenting opn in *People ex rel McDonald [Brill] v Warden,* 43 AD2d 857, 858, *supra*). In that procedural posture, the Court of Appeals, after declaring that habeas corpus was not appropriate, indicated that the merits of the defendant's claim with regard to the speedy trial issue could be addressed if raised in a different manner. The court did not address itself to the situation presented here, where, during the pendency of an application for a writ of habeas corpus, the trial itself was held and was consummated in a guilty verdict. There is nothing in the decision of the Court of Appeals in *People ex rel. McDonald (supra)* which would suggest that, in these circumstances, the utilization of habeas corpus, rather than a motion pursuant to CPL 210.45, should be deemed a waiver. In *People v Cruse* (47 AD2d 821), the Appellate Division, First Department, in a decision handed down more than one year after the Court of Appeals decided *People ex rel. McDonald (supra),* considered a case where the defendant brought a *pro se* habeas corpus petition in the Supreme Court, New York County. On the appeal from the subsequent judgment of conviction, the First Department held that the speedy trial issue had been properly preserved and remanded the case for a hearing. The same result should obtain here. The fact that defendant brought his pretrial petition in this court, rather than in the Criminal Term of the Supreme Court, should not be a bar, if, for no other reason than that this court "is but a branch of the Supreme Court, sitting *en banc* as successor to General Term" (see *State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 61, and cases therein

cited). This is not to say that the application was properly brought in this court, for clearly it should have been presented to Criminal Term. However, the speedy trial issue is not being raised for the first time on appeal. Its presentment to *this judicial forum, prior to trial,* should be sufficient to preserve the issue. The People have pointed to nothing in the record which would indicate that, subsequent to bringing his habeas corpus petition, defendant waived his speedy trial right. A waiver is an intentional relinquishment or abandonment of a known right (*Johnson v Zerbst,* 304 US 458, 464). In whatever clumsy manner this defendant may have attempted, *pro se,* to assert the issue, it certainly cannot be said, on the record now before this court, that he intentionally relinquished the right asserted in his application for a writ of habeas corpus. Rather, it is clear that the issue is a live one and that the question of the reasonableness of the delay herein should be remitted to the Supreme Court, Kings County, to hear and report, with the appeal being held in abeyance in the interim. Upon remittal, defendant's application should be renewed upon proper papers, with the aid of counsel, and the procedures outlined in CPL 210.45 should be followed (*People v Rodriquez,* 45 AD2d 41, 44, *supra*).