OPINION OF THE COURT
 

 Ciparick, J.
 

 In this criminal action, we are called upon to decide whether a trial court must consider the
 
 pro se
 
 speedy trial motions of a defendant represented by counsel. Because a criminal defendant is not entitled to hybrid representation, we refuse to prescribe any fixed rule for addressing
 
 pro se
 
 motions and conclude that the decision to entertain such motions lies within the sound discretion of the trial court. While we perceive no abuse of that discretion here, we nonetheless reverse defendant’s conviction on the ground that the concededly erroneous admission of a tainted lineup was not harmless beyond a reasonable doubt.
 

 On May 23, 1994, at approximately 10:00 a.m., Eva Lopez was exiting the elevator of her apartment building when a man whom she had seen two or three times “[ojutside the building” robbed her at gunpoint. Approximately seven months later, Lopez identified defendant from a lineup. At the time of the lineup, defendant was serving a prison sentence on an unrelated conviction, requiring the People to obtain, ex parte, a Supreme Court order to secure defendant’s presence. Defendant was neither represented by counsel at the lineup nor advised of his right to an attorney. On defendant’s motion to suppress identification evidence, the hearing court determined that the court-ordered lineup was not suggestive and that defendant had no right to counsel at the lineup.
 

 Prior to trial, defendant submitted two
 
 pro se
 
 motions seeking dismissal of the indictment on the ground that his right to a speedy trial had been violated
 
 (see,
 
 CPL 30.30, 30.20). After filing the first motion, but before the second, defendant moved
 
 pro se
 
 to relieve counsel, alleging various deficiencies in representation. On July 24, 1996, in defendant’s absence, defense counsel joined in his client’s request to be relieved. Counsel informed the court that he had discussed the matter with defendant, that defendant no longer wished his services and that, based on the breakdown in communication, he did not “think
 
 *501
 
 [he could] do as good a job as perhaps another lawyer could on his case.” After commending counsel for his services, the court stated
 

 “It’s my understanding that [defendant has] filed
 

 frivolous motions which you have refused to adopt.
 

 “[Defense counsel]: That’s right, judge.
 

 “The Court: All right. I commend you for that.”
 

 The court then adjourned the matter to September 3 for the assignment of a new attorney.
 

 Represented by new counsel, defendant was ultimately convicted, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]). The Appellate Division affirmed the conviction and held that the trial court properly denied defendant’s
 
 pro se
 
 speedy trial motions after ascertaining that counsel chose not to adopt them. The Court also held that although the court-ordered lineup was unlawfully conducted in the absence of defendant’s counsel, the error was harmless beyond a reasonable doubt. A Judge of this Court granted defendant leave to appeal and we now reverse.
 

 We first consider whether the trial court was required to entertain defendant’s
 
 pro se
 
 speedy trial motions. A criminal defendant has no Federal or State constitutional right to hybrid representation
 
 (see,
 
 NY Const, art I, § 6;
 
 People v White,
 
 73 NY2d 468, 477,
 
 cert denied
 
 493 US 859;
 
 People v Garcia,
 
 69 NY2d 903, 904,
 
 rearg denied
 
 70 NY2d 694;
 
 People v Ferguson,
 
 67 NY2d 383, 390;
 
 People v Richardson,
 
 4 NY2d 224, 227,
 
 cert denied
 
 357 US 943). While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both. These are “separate rights depicted on the opposite sides of the same [constitutional] coin. To choose one obviously means to forego the other”
 
 (United States v Purnett,
 
 910 F2d 51, 54 [2d Cir]).
 

 Thus, a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial
 
 (see, People v Mirenda,
 
 57 NY2d 261, 265-266). Similarly, a defendant who chooses to defend through counsel cannot, as of right, make motions
 
 (see, People v Jordan,
 
 96 AD2d 1060, 1061,
 
 affd
 
 62 NY2d 825), file a supplemental brief on appeal
 
 (see, People v White, supra,
 
 73 NY2d, at 479), sum up before a jury
 
 (see, People v Richardson, supra,
 
 4 NY2d, at 226-227) or otherwise participate personally in the proceedings
 
 (id.).
 
 By accepting counseled representation, a defendant
 
 *502
 
 assigns control of much of the case to the lawyer, who, by reason of training and experience, is entrusted with sifting out weak arguments, charting strategy and making day-to-day decisions over the course of the proceedings
 
 (see, Jones v Barnes,
 
 463 US 745, 751;
 
 People v Ferguson, supra,
 
 67 NY2d, at 390;
 
 People v Jordan, supra,
 
 96 AD2d, at 1061).
 

 Because a defendant has no constitutional right to hybrid representation, the decision to allow such representation lies within the sound discretion of the trial court. Indeed, many jurisdictions have refused to recognize a right of counseled defendants to act in their own defense, leaving it to the discretion of the trial court to determine whether such participation is permitted
 
 (see, e.g., United States v Einfeldt,
 
 138 F3d 373, 378 [8th Cir],
 
 cert denied
 
 525 US 851;
 
 United States v Tutino,
 
 883 F2d 1125, 1141 [2d Cir],
 
 cert denied
 
 493 US 1081;
 
 United States v LaChance,
 
 817 F2d 1491, 1498 [11th Cir],
 
 cert denied
 
 484 US 928;
 
 United States v Mosely,
 
 810 F2d 93, 97-98 [6th Cir],
 
 cert denied
 
 484 US 841;
 
 United States v Halbert,
 
 640 F2d 1000, 1009 [9th Cir];
 
 State v Frye,
 
 224 Conn 253, 256, 617 A2d 1382, 1384-1385;
 
 State v Long,
 
 216 NJ Super 269, 275-276, 523 A2d 672, 675-676).
 

 Nevertheless, defendant maintains that a court confronted with a
 
 pro se
 
 motion should, at minimum, inquire into whether “the defense attorney is aware of the existence of the motion and has discussed its contents with his or her client”
 
 (People v Renaud,
 
 145 AD2d 367, 369-370,
 
 appeal dismissed
 
 74 NY2d 734;
 
 see also, People v Costas,
 
 248 AD2d 482, 483,
 
 lv denied
 
 91 NY2d 971). While such inquiries may be the better practice, we will not compel courts to engage in any particular catechism before deciding whether to entertain a
 
 pro se
 
 motion. Neither our Constitution nor our precedent requires it. Rather, the decision to allow hybrid representation implicates the trial court’s function in ensuring the orderly administration of the proceedings
 
 (see, People v Mirenda, supra,
 
 57 NY2d, at 266). As such, it is a matter committed to the sound discretion of the Trial Judge.
 

 The Trial Judge acted within his discretion here. Nothing in the record supports defendant’s contention that he was not represented by counsel when the court rejected his
 
 pro se
 
 speedy trial motions. To the contrary, the record indicates that defense counsel was aware of both motions before joining in his client’s application to be relieved. The court acknowledged these motions, ascertained that counsel chose not to adopt them and, in so doing, described them as “frivolous.” Under
 
 *503
 
 these circumstances, the trial court had no further duty to entertain the motions. While there may be circumstances where the unjustified refusal to entertain meritorious
 
 pro se
 
 motions would constitute an abuse of discretion
 
 (id.),
 
 no such circumstances are present here.
 

 Reversal of defendant’s conviction is required, however, by the erroneous admission of the lineup identification. As the People concede, the court-ordered lineup in the absence of counsel violated defendant’s Sixth Amendment right to counsel
 
 (see, People v Jackson,
 
 74 NY2d 787, 789;
 
 People v Coleman,
 
 43 NY2d 222, 225). Nor was the admission of the tainted lineup in this single eyewitness case harmless beyond a reasonable doubt
 
 (see, People v Jackson, supra,
 
 74 NY2d, at 789). In the absence of an independent source for the identification or any other corroborating evidence, we cannot conclude that there was no reasonable possibility that the tainted lineup contributed to the verdict
 
 (see, People v Johnson,
 
 80 NY2d 798, 799-800). Thus, there must be a reversal and a new trial preceded by a hearing to determine whether Eva Lopez’s in-court identification testimony had an independent source
 
 (see, People v Jackson, supra,
 
 74 NY2d, at 789).
 

 Defendant’s remaining contention is without merit.
 

 Accordingly, the order of the Appellate Division should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this Opinion.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur.
 

 Order reversed, etc.