■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PAUL, Appellant. [791 NYS2d 33]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered January 17, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of $4\frac{1}{2}$ to 9 years and 1 year, respectively, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court properly permitted the prosecutor to inquire into portions of defendant's extensive criminal record, each of which was probative of defendant's credibility.

The record does not support defendant's assertion that the court excluded defense counsel's colleagues from the courtroom during the undercover officer's testimony (*see People v Kinchen*, 60 NY2d 772 [1983]). To the extent the record permits review, it indicates that the court resolved this issue to defendant's satisfaction by allowing the attorneys in question to attend.

The court did not deprive defendant of his right to represent himself at sentencing. The court honored defendant's request to proceed pro se, but also warned him that he had no right to hybrid representation (*see People v Rodriguez*, 95 NY2d 497 [2000]), whereupon defendant changed his mind and voluntarily chose to be represented by counsel. Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.