■ The People of the State of New York, Respondent, v Hector Lebron, Appellant. [64 NYS3d 523]—

Judgment, Supreme Court, Bronx County (Robert E. Torres, J.), rendered December 16, 2015, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

Even if we assume that defense counsel's highly ambiguous remarks constituted adoption of defendant's pro se constitutional speedy trial motion (*see People v Rodriguez*, 95 NY2d 497, 501-503 [2000]), appellate review of this issue is foreclosed because defendant pleaded guilty while the motion remained undecided (*see e.g. People v Capellan*, 142 AD3d 923 [2016] [1st Dept 2016], *lv denied* 28 NY3d 1123 [2016]). Defendant's arguments concerning whether he made a knowing and intentional waiver are misplaced, because he forfeited review "by operation of law as soon as he pleaded guilty" (*People v Alexander*, 19 NY3d 203, 219 [2012]).

In any event, defendant's failure to provide this Court with transcripts of the relevant court appearances renders his constitutional speedy trial claim unreviewable for that reason as well (*see e.g. People v Thomas*, 128 AD3d 440 [1st Dept 2015], *lv denied* 25 NY3d 1208 [2015]). In particular, "these minutes are necessary because of their bearing on the critical issue of the reasons for the delay" (*id.* at 440). To the extent that the present record permits review, defendant has not established a violation of his constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442, 445 [1975]).

We perceive no basis for reducing the sentence. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.