■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TULSIE SINGH, Appellant. [64 NYS3d 530]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered September 25, 2015, convicting defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree, and sentencing him to a term of 10 years' probation, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment on the ground of preindictment delay (*see People v Singer*, 44 NY2d 241 [1978]; *People v Taranovich*, 37 NY2d 442, 445 [1975]). Based on the record regarding the unwillingness of the victim to testify before the grand jury, the People sufficiently explained the 4½-year delay between first detaining defendant and ultimately initiating the prosecution after the victim became able to testify. The evidence before the motion court established that the determination to delay the prosecution was made in good faith and not to gain a tactical advantage (*see People v Vernace*, 96 NY2d 886, 888 [2001]). We have considered and rejected defendant's remaining arguments on this issue.

Defendant's constitutional speedy trial claim regarding the delay between the indictment and the guilty plea is unreviewable because defendant has not provided the minutes of any of the relevant adjournments (*see People v Olivo*, 52 NY2d 309, 320 [1981]; *People v Arroyo*, 93 AD3d 608 [1st Dept 2012], *lv denied* 19 NY3d 957 [2012]). To the extent that the present record permits review, we find no violation of defendant's constitutional right to a speedy trial (*see Taranovich*, 37 NY2d at 445). Defendant has not established what portion of the delay was caused by the People, or that he was prejudiced by any delay. Concur—Richter, J.P., Gische, Kern and Oing, JJ.