People v Cabrera (2020 NY Slip Op 51351(U))

[*1]

People v Cabrera (Edilberto)

2020 NY Slip Op 51351(U) [69 Misc 3d 141(A)]

Decided on November 13, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

15-506

The People of the State of New York,
Respondent, 
against
Edilberto Cabrera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Melissa A. Crane, J.), rendered May 19, 2015, after a nonjury trial, convicting him
of driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered May 19, 2015, affirmed.
Defendant's constitutional speedy trial claim is both unpreserved and unreviewable, and we
decline to review it in the interest of justice. Although labeled as a CPL 30.20 motion to dismiss
on constitutional speedy trial grounds, defendant's October 22, 2014 motion failed to address the
constitutional issues, and merely consisted of defendant's claim that his statutory rights under
CPL 30.30 were violated. Having failed to allege, as he does now, that the trial court should have
dismissed the accusatory instrument based on the factors set forth in People v Taranovich
(37 NY2d 442 [1975]), defendant deprived the court of the opportunity to balance these
factors, and thus, he has failed to preserve his current claim for this Court's review as a matter of
law (see People v Mendez, 259 AD2d 361 [1999], lv denied 93 NY2d 974
[1999]; People v Rowe, 244 AD2d 295 [1997], lv denied 91 NY2d 930 [1998];
People v LaCart, 235 AD2d 291 [1997], lv denied 89 NY2d 1037 [1997]; see
also People v Swails, 172 AD3d 579 [2019], lv denied 33 NY3d 1109 [2019]).
Furthermore, the claims are unreviewable because defendant has not supplied the minutes from
approximately 20 calendar appearances (see People v Singh, 156 AD3d 437 [2017],
lv denied 31 NY3d 987 [2018]; People v Lebron, 156 AD3d 428, 429 [2017],
lv denied 30 NY3d 1116 [2018]; People v Thomas, 128 AD3d 440 [2015], lv
denied 25 NY3d 1208 [2015]). 
As an alternative holding, to the extent that the record permits review, we find no violation
of defendant's constitutional right to speedy trial (see People v Taranovich, 37 NY2d at
445). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 13, 2020