**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT S. MILES,

Defendant - Appellant.

No. 08-5128

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 4:08-CR-00015-JHP-1)**

---

Submitted on the briefs*:

Julia L. O'Connell, Federal Public Defender, (Barry L. Derryberry, Research & Writing Specialist; Shannon McMurray, Assistant Federal Public Defender, with her on the brief), Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant - Appellant.

David E. O'Meilia, United States Attorney, (Kenneth P. Snoke, Assistant United States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

---

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

_____

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

_____

A jury in the United States District Court for the Northern District of Oklahoma convicted Robert Steve Miles on nine counts of willfully filing false income-tax returns. *See* 26 U.S.C. § 7206(1). The court sentenced him to 41 months' imprisonment. On appeal he contends that he was denied the right to self-representation during the period between the jury verdict and his sentencing hearing. He seeks reversal of his sentence and a remand for resentencing. We have jurisdiction under 28 U.S.C. § 1291 and affirm. The district court did not deny Mr. Miles's right to self-representation. It reasonably believed that he waived his right to self-representation after the jury was dismissed, and it allowed him to resume representing himself as soon as he reasserted his desire to proceed pro se at his sentencing hearing.

## I.    BACKGROUND

Mr. Miles represented himself at his five-day jury trial. Public defender Shannon McMurray acted as his standby counsel. The jury rendered its verdict on April 25, 2008. After dismissing the jury, the district court set a sentencing hearing for July 30 and announced that Mr. Miles would be remanded to the marshal's custody pending sentencing. McMurray interjected:

> McMurray:          Judge, we would—can I be heard on that? I don't
>                    know that the government—

| | |
|---|---|
| Court: | Well, he hasn't—I don't know that—you have standby counsel.  Would you like to be heard or your counsel indicates— |
| Mr. Miles: | I'll yield to counsel at this point. |
| Court: | *Are you now asking counsel to take over for you?* |
| Mr. Miles: | *I think, at this point, yes.* |

R. Vol. III, Doc. 23 at 689 (emphasis added).

McMurray requested that Mr. Miles be allowed to remain free under the same conditions as his pretrial release.  She responded to the court's questions about his flight risk and danger to the community.  The prosecutor objected to his release.  The court then expressed concerns that Mr. Miles did not consider himself to be a citizen of the United States and that he had filed pleadings stating that he did not recognize the court's authority.  The following exchange ensued:

| | |
|---|---|
| McMurray: | I don't—my concern is he doesn't truly know what he filed. . . .  Mr. Miles advises me that he's been making a record to try to get this case dismissed prior to a jury trial and/or finding at this point with the conviction. . . .  I think Mr. Miles is telling me he—for purposes of sentencing and any future proceedings, he recognizes the jurisdiction of the Court I think is what he's just told me. |
| Court: | *Most of this trial you've spoken for yourself.  Is that, what she tells me, true?* |
| Mr. Miles: | *That's correct.  I mean, if I can talk.  I don't know with her being counsel if I can talk or not.* |

-3-

*Id.* at 698–99 (emphasis added). Mr. Miles proceeded to ask for leniency, and the court agreed to release him on the condition that he be placed on electronic monitoring for two weeks. At the end of the two weeks, the court would reconsider the conditions of release.

A week later, on May 2, 2008, Mr. Miles filed a pro se motion for a new trial. He contended (1) that he had been "denied Qualified Assistance of Counsel" because McMurray had no experience in criminal tax cases, *id.* Vol. I, Doc. 15 at 3; (2) that he had been charged with a nonexistent violation of the law; and (3) that the district court did not have jurisdiction over him. McMurray then filed a motion to withdraw as standby counsel because of the allegations against her in Mr. Miles's motion. On May 6 the court entered a minute order that stated: "Defendant's pro se Motion for New Trial is hereby stricken. Any further pleadings shall be filed through counsel of record." *Id.* at 10 (Docket Entry 93). The court also entered a minute order finding McMurray's motion moot. Although Mr. Miles did not file an objection to the order striking his motion or otherwise assert that he was representing himself, he filed another pro se motion on July 23. The motion again challenged the jurisdiction of the district court, repeating many of the arguments he had made in previous motions to dismiss.

At the sentencing hearing on July 30, McMurray announced that Mr. Miles wanted to represent himself with McMurray as standby counsel. She and the district court discussed what had happened at the previous hearing. As the court

recalled, "[I]mmediately after the verdict came in, Mr. Miles requested that you represent him. In other words, he—it was my memory that he changed your status or requested the Court change your status from being stand-by counsel to being—to representing him." *Id.* Vol. III, Doc. 29 at 4. McMurray responded:

> Your Honor, I certainly would defer to the Court's recollection and certainly the record's recollection. I thought I had reached out to the Court and to Mr. Miles. I could see that he was going into custody. *I honestly did not know, as an officer, that I was his lawyer until he filed a motion for new trial calling into question some of my ethics and, you know, professionalism. I then filed a motion to withdraw and the Court struck the motion for new trial and then I was on notice that I was counsel of record.*
> I—this is a difficult situation. I feel like I have got some interest for myself that I need to look out for, but I also desperately want to help Mr. Miles, but we have got some conflicting interests here, as far as I can tell with my conversation with him previously and today. So I'm at the—you know, at the Court's . . .

*Id.* (emphasis added).

The court, McMurray, and Mr. Miles then engaged in the following discussion:

> Court: Well, I'm not trying to do anything other than make the record clear, that up until—*up until now, as far as I know, Mr. Miles has not requested you be relieved of your duties. He did request specifically that you represent him.* Whether he's now requesting that you be stand-by counsel and—he's responsible for his defense. *What I'm interested in knowing is, is he ready to change the status back to where it was before the verdict.*
>
> McMurray: It's my—yes. My conversations with Mr. Miles are that he would want to proceed pro se with me as stand-by. Certainly as stand-by, I'm prepared

to talk with him and on behalf of him before the Court, but I just wanted the record to reflect on behalf of Mr. Miles that that would be his position today.

Court: That you now become stand-by counsel; is that correct?

McMurray: Yes, sir.

Court: Mr. Miles, is that your request?

Mr. Miles: I couldn't hear everything, Your Honor.

Court: Well, let me see if I can go over it again. *Do you recall then, the day the verdict came in you requested that counsel—that counsel no longer be stand-by counsel, but that she represent you?*

Mr. Miles: *Yeah, at the heat of the moment it seemed to be the expedient thing to do.*

Court: *No, no, no, not at the heat of the moment.*

Mr. Miles: *Yes, I did.*

Court: That's what you did?

Mr. Miles: Yeah.

Court: Okay. And now, today, you are requesting that she revert to stand-by counsel, as she was during the trial. Is that your request?

Mr. Miles: No, sir, it was not my understanding that she continued as—to my understanding, that was a—at one moment she represented me and then she went back to being stand-by.

Court: You never asked that she be relieved of that responsibility. It's not, I don't think, particularly

material, other than it has been the Court's understanding that you haven't asked that that—to reform that request. It wasn't a request for the moment, it was a request that she represent you until you—

Mr. Miles: Since I haven't done anything in writing—it was my understanding that that was just for that—at that point in time.

Court: Well—or until you requested otherwise. It's not, I don't think, of any great importance, other than her status is now changing. For sure, today, you are asking to represent yourself; is that correct?

Mr. Miles: I am, but I'm handicapped because—I guess because of the confusion, we haven't had a chance to really verbalize over the last few weeks, which probably should have happened and we—and we haven't been able to communicate.

*Id.* at 4–7 (emphases added). During the remainder of the proceedings Mr. Miles acted pro se, with assistance from McMurray as standby counsel. Mr. Miles first noted the jurisdictional motion that he had filed, and the court denied it, saying that it had thought the pleading frivolous. The court then proceeded to hear from the parties concerning sentencing, and imposed a 41-month term of imprisonment.

## II. DISCUSSION

On appeal Mr. Miles contends that the district court erred by denying him the right to self-representation during the period between dismissal of the jury and the sentencing hearing. Although he argues that the denial of his right to self-representation would require automatic reversal because "'its denial is not

-7-

amenable to "harmless error" analysis,'" Aplt. Br. at 16 (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984)), we need not decide that issue because, as we proceed to explain, there was no error.[1]

A defendant in a federal criminal case has a statutory and constitutional right to self-representation. *See* 28 U.S.C. § 1654; *Faretta v. California*, 422 U.S. 806, 834–36 (1975). A defendant who chooses to represent himself is entitled to do so if he is "aware of the dangers and disadvantages of self-representation," *id.* at 835, and makes this choice "knowingly and intelligently," *id.* (internal quotation marks omitted).

Mr. Miles asserts that he was denied his right to self-representation for a period after his trial. He does not dispute that he sought to be represented by counsel almost immediately after the jury returned its verdict, at the proceeding to determine whether he would be incarcerated or placed on conditional release while awaiting sentencing. In his view, however, once that proceeding was over, he resumed representing himself, as he had during trial. The district court's contrary view was that he was represented by counsel from the time of the postverdict proceeding until he insisted on self-representation at the sentencing hearing.

---

[1] The context of *McKaskle* was the conduct of proceedings during trial before a jury. We cannot say with confidence that harmless-error analysis would be improper in the present context, when the alleged denial of the right to proceed pro se was only with respect to postverdict pleadings submitted to the court.

The issue before us is not whether Mr. Miles was "aware of the dangers and disadvantages of self-representation," *id.*, or whether his election to represent himself was "knowing[] and intelligent[]," *id.* (internal quotation marks omitted). Rather, it is simply whether he indeed did elect to represent himself. Determining what a defendant has elected to do regarding representation is a recurring dilemma for the courts. If a court incorrectly determines that the defendant has elected self-representation, it has deprived him of the constitutional right to be represented by counsel. But if it incorrectly determines that the defendant has not elected self-representation, it has likewise deprived him of a constitutional right. Thus, "if a defendant in a criminal proceeding makes an *equivocal* demand on the question of self-representation, he has a potential ground for appellate reversal no matter how the district court rules." *United States v. Treff*, 924 F.2d 975, 979 (10th Cir. 1991). To ameliorate this problem, and because a waiver of the right to counsel should not be lightly inferred, *see Brewer v. Williams*, 430 U.S. 387, 404 (1977) (courts should "indulge in every reasonable presumption against waiver" of the right to counsel), we have declared that a defendant's "election to represent himself must be clearly and unequivocally asserted," *Treff*, 924 F.2d at 978 (internal quotation marks omitted). Other circuits agree. *See United States v. Proctor*, 166 F.3d 396, 401 (1st Cir. 1999); *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000); *United States v. Peppers*, 302 F.3d 120, 129 (3d Cir. 2002); *Daniels v. Lee*, 316 F.3d 477, 489 (4th Cir. 2003); *Brown v. Wainwright*, 665 F.2d 607, 610

(5th Cir. 1982) (en banc); *United States v. Martin*, 25 F.3d 293, 295 (6th Cir. 1994); *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992); *Hamilton v. Groose*, 28 F.3d 859, 861 (8th Cir. 1994); *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002); *Raulerson v. Wainwright*, 732 F.2d 803, 808 (11th Cir. 1984); *United States v. Weisz*, 718 F.2d 413, 425–26 (D.C. Cir. 1983).

By this standard, we must affirm the district court. At the postverdict proceeding the court confirmed Mr. Miles's intention by inquiring, "Are you now asking counsel to take over for you?" R. Vol. III, Doc. 23 at 689. Mr. Miles responded, "I think, at this point, yes." *Id.* McMurray then argued to the court that Mr. Miles should be allowed to remain free pending sentencing, and the court asked Mr. Miles if the representations McMurray had made were true. Mr. Miles's response to the question provided further evidence from which the court would naturally infer that he intended to waive his right to self-representation: After answering in the affirmative, Mr. Miles stated, "I mean, if I can talk. I don't know with her being counsel if I can talk or not." *Id.* at 698. Whether or not Mr. Miles's subjective intent was to accept ongoing representation by counsel, the district court reasonably drew this inference.

True, only a week later Mr. Miles submitted a pro se pleading to the district court. But it is not at all uncommon for defendants represented by counsel to submit their own pleadings. The act of filing such a pleading was not an unequivocal signal that Mr. Miles had elected to represent himself. Moreover, the

-10-

court's minute order stated, "Defendant's pro se Motion for New Trial is hereby stricken. Any further pleadings shall be filed through counsel of record." Docket Entry 93. If Mr. Miles thought he was representing himself, he could have so advised the court and requested it to reconsider his motion. He had shown no shyness during the trial in asserting his rights. His failure to complain about the court's minute order could reasonably be construed as resolving any ambiguity regarding whether he wanted to represent himself. *Cf. Brown*, 665 F.2d at 611 (silence in face of representation by counsel after assertion of the right to self-representation suggests waiver of that right).

Finally, Mr. Miles contends that the district court "contradicted" its minute order by allowing Mr. Miles to file a pro se motion challenging the jurisdiction of the court after it had stricken his pro se motion for a new trial. Aplt. Br. at 15. The court did not immediately strike or rule on this motion, instead waiting until the sentencing hearing to dispose of it summarily. But this conduct hardly suggests that the court believed Mr. Miles to be representing himself. The motion raised many of the same challenges to jurisdiction that Mr. Miles had raised, and the court had ruled on, on several prior occasions. The court stated at sentencing that it had thought the motion frivolous. It would be eminently reasonable for the court to see no need to rush to deal with the issue again.

In short, after Mr. Miles agreed to representation by counsel, he made no clear and unequivocal assertion of the right to represent himself until the

sentencing hearing. The district court therefore properly treated him as being represented by counsel in the interim.

## III. CONCLUSION

We AFFIRM the sentence imposed below.