**COMMONWEALTH of Kentucky,**
Appellant/Cross–Appellee

v.

**Vittorio Orlando MARTIN,**
Appellee/Cross–
Appellant.

Nos. 2011–SC–000616–DG,
2012–SC–000190–DG.

Supreme Court of Kentucky.

Aug. 29, 2013.

Jack Conway, Attorney General of Kentucky, Bryan Darwin Morrow, Assistant Attorney General, for Appellant/Cross–Appellee.

Robert Chung–Hua Yang, Assistant Public Advocate, for Appellee/Cross–Appellant.

Opinion of the Court by Justice ABRAMSON.

Following a jury trial in the Fayette Circuit Court—a retrial of a proceeding that had ended in a mistrial two months earlier—Vittorio Martin was convicted of second-degree burglary. Martin was found to have unlawfully entered, through an attic crawl space, the apartment of his girlfriend's neighbor, where he proceeded to steal certain household items. In ac-cord with the jury's recommendation, the trial court sentenced Martin to eight years in prison. It then suspended the imposition of that sentence and placed Martin on probation. Less than seven months later, Martin's noncompliance with the terms of Fayette County's drug court program resulted in the revocation of his probation and the reimposition of his eight-year prison sentence. Martin appealed both his burglary conviction and his probation revocation to the Court of Appeals. Although that court found no merit to Martin's other claims of error, it agreed with Martin that the trial court erred "when it failed to conduct a *Faretta* [*v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] hearing," to inquire into Martin's desire to serve as his own attorney. On the basis of this purported error, the Court of Appeals reversed Martin's conviction and remanded the matter to the Fayette Circuit Court for additional proceedings.

We granted the Commonwealth's motion for discretionary review to consider whether Martin's filing of *pro se* pre-trial motions amounted to an invocation of his constitutional right to waive the assistance of counsel and to represent himself and thus triggered the trial court's duty to conduct a *Faretta* hearing. We conclude that because the trial court did not disregard an unequivocal request to dispense with counsel and to proceed *pro se,* it did not violate Martin's constitutional rights. Accordingly, we reverse that portion of the Court of Appeals' decision holding otherwise and remand to the trial court for the reinstatement of Martin's conviction. We also granted Martin's cross-motion for discretionary review to consider his claim that he should not have been ordered to pay court costs, and, on that issue, we affirm the Court of Appeals' opinion.

### RELEVANT FACTS

On December 5, 2008, the Lexington Police Department received a report that

an apartment in the 1700 block of Versailles Road in Lexington had been burglarized. The victim, whose apartment was number 624, showed the investigating officer how entry had apparently been gained from the attic crawl space through a hole that had been knocked in the bathroom ceiling. He described for the officer various items of his personal property that were missing, including a stereo radio. Three days later, Martin's girlfriend, the occupant of apartment number 623, reported to the officer that she suspected Martin of having perpetrated the burglary. She showed the officer a similar hole made in the ceiling of one of her closets and allowed him to search her apartment. Investigators soon discovered that on the day the burglary was reported Martin had pawned the missing radio, and they found one of Martin's fingerprints on a briefcase in the victim's apartment.

Martin was arrested on December 9, 2008, and on February 10, 2009 he was indicted for second-degree burglary. Kentucky Revised Statute (KRS) 511.030. Counsel was appointed to represent him, and he was arraigned two days later. Soon thereafter there began what became a steady stream of letters and *pro se* motions from Martin to the trial court. Initially these motions were limited to repeated requests for a bond reduction, but eventually they included, among others, a discovery request, a motion for a speedy trial, a motion to suppress evidence found in the girlfriend's apartment, and, following the mistrial, another speedy trial motion and several motions to dismiss the indictment on double jeopardy grounds. Many of these motions, it appears, the trial court simply denied as patently without merit. (Discovery had been provided; Martin had consented to the timely August and October trial dates; and the new trial was not barred because the mistrial had been sought by the defense for an eviden-

tiary error in no way suggestive of prosecutorial bad faith.) Others, the motion to suppress for example, the court referred to Martin's counsel and denied upon counsel's declining to pursue them—counsel conceded, for example, that though warrantless the search of the girlfriend's apartment had proceeded only upon the girlfriend's written consent. Counsel was, however, no less persistent than Martin in requesting a bond reduction, and twice the court agreed to lower the bond amount. The second decrease, following the mistrial, led to Martin's release from jail, but within a month Martin had violated the terms of his release several times and so was reincarcerated.

Although the lion's share of Martin's correspondence with the court made no reference to counsel, a couple of times Martin complained that his attorney "doesn't want to represent me," and that he had left Martin "to fight for myself." Also, as the Court of Appeals emphasized, early on in the proceedings, in May of 2009, Martin, obviously frustrated with the trial court's refusal to lower the bond amount, sent a letter to the court promising to have the court "removed from the case" and to report the court's "foul manner" to the Judicial Conduct Commission. In the same letter Martin announced that "as of now, [my attorney] is fired, I no longer require his services, he's done nothing for 5 months. I hereby request a new attorney." Martin then signed his next two motions, "Vittorio Martin, co-counsel." The Court of Appeals concluded that, collectively, Martin's frustration with counsel, his references to himself as co-counsel, and his numerous *pro se* motions sufficed to invoke his right to represent himself and thus triggered the trial court's duty under *Faretta* to inquire into Martin's *pro se* intentions. We agree with the Commonwealth, however, that none of the circum-

stances noted by the Court of Appeals, either alone or in combination with the others, obliged the trial court to hold a *Faretta* hearing.

## ANALYSIS [1]

### I. Martin's *Pro Se* Filings and His Expressions of Frustration With Counsel Did Not Amount to a Request to Waive Counsel's Assistance.

■ The Sixth Amendment to the United States Constitution guarantees to criminal defendants the effective assistance of counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Implicit in that guarantee, the Supreme Court has held, is a defendant's correlative right to waive counsel and to conduct his or her own defense. *Faretta,* 422 U.S. at 806, 95 S.Ct. 2525. Section 11 of our Kentucky Constitution likewise guarantees criminal defendants the assistance of counsel, *Hill v. Commonwealth,* 125 S.W.3d at 221, and not only provides for a correlative right of self representation, but allows as well for a partial waiver of counsel whereby an accused may " 'specify[ ] the extent of services he desires, and he then is entitled to counsel whose duty will be confined to rendering the specified kind of services (within, of course, the normal scope of counsel services.)' " *Hill,* 125 S.W.3d at 225 (quoting *Wake v. Barker,* 514 S.W.2d 692, 696 (Ky.1974)).

■ Because in the vast majority of cases a defendant's due process right to a fair trial will be better protected if the defendant proceeds with counsel's assistance rather than without it, under both constitutions a defendant is presumed to desire that assistance unless and until he unambiguously indicates otherwise. *Faretta,* 422 U.S. at 806, 95 S.Ct. 2525; *Hill,* 125 S.W.3d at 221. Once he does so, the trial court is then obliged to conduct a hearing to ensure that any waiver of the defendant's right to counsel is both knowing and voluntary. *Commonwealth v. Terry,* 295 S.W.3d 819 (Ky.2009) (citing *Faretta* and noting with approval the federal courts' model list of questions to be posed to would-be *pro se* defendants).

■ While it may be that to invoke his *pro se* right, initially, and to trigger the trial court's duty to inquire and to warn, a defendant's request to dispense with counsel "need not be punctilious," *United States v. Proctor,* 166 F.3d 396, 403 (1st Cir.1999), it must, nevertheless, be sufficiently clear and unambiguous "that no reasonable person can say that the request was not made." *Dorman v. Wainwright,* 798 F.2d 1358, 1366 (11th Cir.1986). It is not enough for a defendant merely to ex-

---

1. As the parties note, the appropriate standard of review is not altogether apparent. The Commonwealth contends that "whether a defendant 'clearly and unequivocally' invoked his right to self-representation [is] a question of fact" to be reviewed only for clear error. The Court of Appeals, on the other hand, saw the question as one of law: "Whether the court had an affirmative duty to hold a Faretta hearing is a question of law" subject to *de novo* review. The problem with the Commonwealth's position is that the trial court made no explicit findings to which we could defer even if deference would otherwise be appropriate. It made no findings, of course, be-

cause Martin did not raise the issue, suggesting a palpable error standard of review, but the Supreme Court has held that the denial of a defendant's right to represent himself at trial is a structural error not subject to review for lack of prejudice. *Hill v. Commonwealth,* 125 S.W.3d 221, 229 (Ky.2004) (citing *McKaskle v. Wiggins,* 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)). In the context of this case, therefore, where Martin's claim is that given certain undisputed facts the trial court erred as a matter of law by failing to conduct a *Faretta* hearing, we agree with the Court of Appeals that the appropriate standard of review is *de novo*.

press dissatisfaction with counsel, *United States v. Martin*, 25 F.3d 293 (6th Cir. 1994), to demand new counsel, *Fields v. Murray*, 49 F.3d 1024 (4th Cir.1995); *Deno v. Commonwealth*, 177 S.W.3d 753 (Ky.2005), to "fire" one's counsel, *United States v. Long*, 597 F.3d 720 (5th Cir.2010), or to lodge *pro se* motions, *United States v. Miles*, 572 F.3d 832 (10th Cir.2009); *Winstead v. Commonwealth*, 283 S.W.3d 678 (Ky.2009). Nor is it enough merely to supplement or to seek to supplement counsel's representation. *United States v. Cromer*, 389 F.3d 662 (6th Cir.2004). The defendant, rather, must clearly indicate that he desires to dispense with counsel's services in whole or in part and to substitute himself for counsel. After all, where the defendant does not to any extent seek to waive counsel, there can be no need to warn him against the perils of waiver. *United States v. Leggett*, 81 F.3d 220 (D.C.Cir.1996); *Matthews v. Commonwealth*, 168 S.W.3d 14 (Ky.2005).

The Court of Appeals' panel acknowledged all of this, but in its view a couple of factors removed Martin's case from the usual run of counsel-is-not-filing-my-motions cases. First, the panel was concerned that Martin's reference to himself a couple of times as "co-counsel" brought his case within the rule of *Deno v. Commonwealth*, 177 S.W.3d at 753. In that case, a rape prosecution, the defendant, Deno, on the morning trial was set to commence, requested the appointment of new counsel, or, in the alternative, that he be allowed to participate at trial as co-counsel. He wished, he indicated, personally to cross-examine the prosecuting witness. The trial court advised him, incorrectly, that he could either accept counsel's representation or represent himself, but that acting as co-counsel was not an option. He elected to proceed with counsel, and then on

appeal claimed that the trial court had violated his right to partial self representation under Section 11 of the Kentucky Constitution.

This Court agreed with that claim, and reversing the conviction we explained that under Section 11 a timely and unequivocal request for hybrid representation triggers the trial court's duty to assure itself, on the record, that the defendant's partial waiver of counsel is voluntary, knowing, and intelligent. "A request for hybrid representation is unequivocal" we stated, "if the defendant specifies the extent of the services he desires. Neither a request for different counsel nor a request to make a closing argument is enough." 177 S.W.3d at 758.

Here, Martin's merely having signed a couple of his motions, "Vittorio Martin, co-counsel," did not indicate that he wished to limit counsel's representation to any extent, much less did it "specif[y] the extent of the services he desire[d]." Indeed, even at his most frustrated, in his May 2009 letter to the trial court, Martin did not ask to represent himself, wholly or partially. He asked only for new counsel. Without some clear indication that Martin wished to waive or to limit counsel's assistance, the trial court cannot fairly be said to have neglected its *Faretta* duties merely because Martin, like so many other defendants, groused about his attorney, filed motions in addition to those his attorney filed, and referred to himself in some of them as "co-counsel."

The Court of Appeals' panel also thought this case distinguishable from other *pro se* motions cases because "[t]he trial court actually ruled on Martin's … motions," as opposed to simply dismissing them or referring them to counsel, as is the practice of many trial courts.[2] By

2. Until he unequivocally invokes his right of   self representation, a defendant represented

ruling on Martin's motions, in the panel's view, the trial court somehow implicated itself in Martin's self representation and thus obliged itself to engage Martin in a *Faretta* colloquy: "Since the court treated Martin as a *pro se* litigant, the court should have conducted a hearing, given the warnings required pursuant to *Faretta*, and made a finding that his waiver was voluntary and intelligently made." As noted above, however, Martin waived nothing by filing his motions. The trial court, of course, was not obliged to apprise Martin of his right to represent himself, *United States v. Martin*, 25 F.3d at 293; *Winstead v. Commonwealth*, 283 S.W.3d at 683 (citing *Munkus v. Furlong*, 170 F.3d 980 (10th Cir.1999)), and otherwise it cannot be faulted for not having cautioned Martin against a non-existent waiver.

*Matthews v. Commonwealth*, is instructive. In that case the trial court, without conducting a *Faretta* hearing, granted the defendant's request to be allowed to file *pro se* motions as "co-counsel." The defendant did not seek to waive counsel's representation, and aside from filing motions he did not act as "counsel" in any way. On appeal following his conviction for various drug-related offenses, the defendant claimed that the trial court had breached its *Faretta* duties by granting him "co-counsel" status without first going through the *Faretta* colloquy. We rejected that claim and noted that although the defendant had nominally been made "co-counsel" and had been allowed to file *pro se* motions, "[he] never waived his right to counsel in any manner." In those circumstances, we held, "[n]o *Faretta* hearing was required." 168 S.W.3d at 23. Likewise here, even if to some limited extent the trial court implicitly treated Martin as "co-counsel" by ruling on his *pro se* motions, Martin never waived his right to counsel in any manner and so was not entitled to a *Faretta* hearing.

## II. Martin is Not Entitled to Relief From the Order to Pay Court Costs.

We also granted Martin's cross-motion for discretionary review to consider his claim that he ought not to have been ordered to pay court costs of $155.00. The trial court's alleged error—ordering an indigent defendant to pay costs—was not preserved, and the Court of Appeals ruled that the trial court's order was not palpably erroneous under Kentucky Rule of Criminal Procedure (RCr) 10.26, inasmuch as at the time of the order Martin was to be released on probation and so could reasonably be thought able to work and to pay the modest amount imposed. The Court of Appeals did not have the benefit of our decision in *Maynes v. Commonwealth*, 361 S.W.3d 922 (Ky.2012), but its ruling fully comports with that case, wherein we upheld a similar trial-court order imposing costs upon an "indigent" defendant who was to be conditionally released.

Martin counters by observing that he is no longer on probation, and therefore, he contends, his ability to pay should be reassessed. We disagree. Generally, of course, the revocation of a defendant's probation does not authorize the trial court to revisit the underlying judgment. *Goldsmith v. Commonwealth*, 363 S.W.3d 330 (Ky.2012). Nor, in particular, does the

---

by counsel has no right to file *pro se* motions. How a court deals with such motions is thus a matter of discretion. *People v. Rodriguez*, 95 N.Y.2d 497, 719 N.Y.S.2d 208, 741 N.E.2d 882 (2000) (collecting cases). Denying such motions without prejudice and referring them to counsel will usually be appropriate, but that need not be the only approach, especially with respect to motions seeking new counsel or, as in this case, motions patently without merit.

trial court retain jurisdiction to revisit an order of costs and/or fees. *Buster v. Commonwealth,* 381 S.W.3d 294 (Ky.2012). We decline Martin's invitation to make an exception from these rules for costs owed by probation violators, including violators, such as Martin, whose probation was revoked before the resolution of their direct appeals.

### CONCLUSION

In sum, notwithstanding the facts that Martin expressed dissatisfaction with counsel and referred to himself on occasion as "co-counsel," in the absence of an unambiguous request to do without or to limit counsel's assistance, the trial court was under no obligation to engage Martin in a *Faretta* colloquy. Nor did that obligation arise as a result of Martin's *pro se* motions or the trial court's decision to address the merits of some of them. With respect to Martin's cross-motion for discretionary review, the trial court did not palpably err by ordering Martin to pay court costs, and the Court of Appeals did not err by upholding that order notwithstanding the subsequent revocation of Martin's probation. Accordingly we affirm the Opinion of the Court of Appeals in part, reverse it in part, and remand the matter to the Fayette Circuit Court for the reinstatement of its Judgment.

All sitting. All concur.