OPINION OF THE COURT
Chief Judge Cooke.
This appeal raises the question whether the trial • court erred in refusing to appoint standby counsel to assist defendant in presenting his own defense. A criminal defendant has a constitutional right to be represented by counsel, or to proceed pro se. A defendant has no constitutional right, however, to the assistance of a lawyer while conducting a pro se defense. The order of the Appellate Division, therefore, should be affirmed.
Defendant was convicted, after a jury trial, of three counts of criminal possession of stolen property in the first degree, two counts of grand larceny in the second degree, six counts of criminal mischief in the second degree, three counts of criminal possession of stolen property in the third dégree, one count of possession of burglary tools, and one count of unlawful possession of vehicle identification number plates. The charges stemmed from a police raid on a Yonkers garage where a stolen-car dismantling operation *265 was being conducted. The police, armed with a search warrant, closed in as a truck filled with auto parts was about to leave the garage. Defendant was driving a car behind the truck. The officers arrested defendant, the truck driver, and two other men inside the garage.
After his arraignment, defendant moved to proceed pro se, with appointed counsel “to act only as an advisor.” Supreme Court permitted defendant to represent himself, but denied his request for the appointment of a lawyer to assist him. The court twice more denied his request for standby counsel, the second time during the course of a lengthy inquiry into defendant’s ability to represent himself. Defendant then acted without counsel at the suppression hearing and at trial, and was convicted. His codefendant, the truck driver, was represented by an attorney and was acquitted of all charges.
On this appeal, defendant argues that the courts’ refusal to appoint standby counsel to assist him with his self-representation violated his constitutional rights. This contention is without merit. The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right “to have the Assistance of Counsel for his defence.” The State Constitution guarantees that “[i]n any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel” (NY Const, art I, § 6). It is beyond argument that defendant had the right to be represented by counsel at his trial, and that he had the right to have counsel appointed for him if he could not afford a lawyer (see Argersinger v Hamlin, 407 US 25; Gideon v Wainwright, 372 US 335). Similarly, he had the constitutional right to represent himself (see Faretta v California, 422 US 806; People v McIntyre, 36 NY2d 10; People v McLaughlin, 291 NY 480).
What defendant asserts here, however, is a constitutional claim to a hybrid form of representation. He maintains that he had the right to proceed pro se, while simultaneously being advised by appointed “standby” counsel. No such right is guaranteed by either the State or Federal Constitution.*
*266 It is true that the appointment of standby counsel to assist a pro se defendant has received judicial approval. As this court recently stated, “where a defendant decides on self-representation, a Judge ‘may — even over objection by the accused — appoint a “standby counsel” to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant’s self-representation is necessary’ ” (People v Sawyer, 57 NY2d 12, 22, quoting Faretta v California, supra, at p 835, n 46; see, also, ABA Standards for Criminal Justice [2d ed], Special Functions of the Trial Judge, standard 6-3.7). The assignment of standby counsel, however, is a matter of trial management. As such, it is a subject for the discretion of the Trial Judge, whose decision will not be disturbed by this court unless the Judge abuses that discretion. No such abuse was present here, in any of the denials of defendant’s request. The record demonstrates that defendant was fully aware of the potential pitfalls of self-representation. When denying defendant’s renewed request for standby counsel at the outset of the suppression hearings, the Judge conducted a lengthy colloquy with the 39-year-old defendant. The dangers of self-representation were extensively explained. Defendant repeatedly asserted his desire to appear on his own behalf and manifested his appreciation of the attendant risks as well as his familiarity with legal principles and courtroom procedures. The record demonstrates that defendant’s decision to proceed pro se without standby counsel was made *267 knowingly and intelligently (see People v McIntyre, 36 NY2d 10, 17, supra).
Defendant also challenges the introduction at trial of material seized from an attache case in his car. The suppression court found that, when he was arrested, defendant consented to a search of his car but told the officers that he had legal papers in the car and secured their agreement not to look at these papers. The ensuing search yielded an attache case in the car’s trunk. When opened in defendant’s presence, the case was found to contain certain incriminating items, including identification tags from various stolen vehicles; at that time, defendant raised no objection that “legal papers” were inside and did not otherwise advance any contention that the search was going beyond the scope of his consent. The suppression court found that defendant’s limited consent to the police search encompassed permission to open the attache case. On the record before this court, it cannot be said that this was legal error.
Finally, defendant argues that the Appellate Division should have reversed his conviction because the stenographer’s notes of the prosecutor’s summation were destroyed. This claim is unpersuasive. The notes of the summation were not destroyed until two and one-half years after the trial, as permitted by section 297 of the Judiciary Law, and more than one year after the other portions of the typed transcript were filed. Inasmuch as defendant at no point during this period brought to the court’s or stenographer’s attention the summation’s absence from the transcript, and the destruction of the notes being authorized (see Judiciary Law, § 297), defendant’s claim does not merit reversal.
Defendant’s remaining assertions of error have been examined and are found to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.

 The provision in section 6 of article I of the State Constitution that a “party accused shall be allowed to appear and defend in person and with counsel” does not compel a contrary conclusion. The language is designed to guarantee that a defendant *266 who chooses to defend through counsel does not thereby lose the right -to appear personally in the courtroom. Under the dissent’s contrary interpretation of this provision, not only would a pro se defendant have the right to standby counsel, but a defendant who chose to be represented by counsel would have the right also to personally take part in the conduct of the trial by, for instance, making motions, cross-examining witnesses, or arguing to the jury.
Recognition of a Federal constitutional right to standby counsel has been proposed by some, but the proposals themselves acknowledge that “even the most liberal view of sixth amendment representation rights at present does not extend beyond this bifurcated model — allowing either full representation or pro se representation, but not both at the same time” (Note, Assistance of Counsel: A Right to Hybrid Representation, 57 Boston U L Rev 570; see Comment, Faretta v California and the Pro Se Defense: The Constitutional Right of Self-Representation, 25 Amer U L Rev, 897, 915; Note, The Pro Se Defendant’s Right to Counsel, 41 U of Ginn L Rev 927, 929). The fact remains that a Sixth Amendment right to such a form of representation has not been adopted (see United States v Klee, 494 F2d 394, 396, cert den 419 US 835; United States v Conder, 423 F2d 904, 907-908, cert den sub nom. Pegram v United States, 400 US 958).