■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. HODGE, Appellant. [681 NYS2d 718] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of four counts of burglary in the second degree (Penal Law § 140.25 [2]) and nine counts each of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). He contends that County Court erred in permitting him to proceed *pro se*, with standby counsel, because the trial court did not undertake a searching inquiry of defendant at the time of defendant's request to proceed *pro se* (*see, People v Sawyer*, 57 NY2d 12, 21, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178). In view of defendant's age, extensive criminal history, *pro se* motion practice even when represented by counsel, competent cross-examination of prosecution witnesses, proper objections to admission of evidence and appropriate use of standby counsel, we conclude that defendant knowingly and intelligently waived his right to counsel (*see, People v Vivenzio*, 62 NY2d 775, 776; *People v Reifsteck*, 134 AD2d 876, 876-877, *lv denied* 70 NY2d 1010).

Defendant further contends and the People concede that the court erred in imposing a surcharge of 10% of the amount of restitution ordered rather than the 5% directed by Penal Law § 60.27 (8). The imposition of the additional 5% surcharge was not authorized (*see, People v Gahrey M. O.*, 231 AD2d 909). We modify the judgment by vacating that part of the sentence ordering defendant to pay an additional 5% surcharge in addition to the 5% surcharge directed by Penal Law § 60.27 (8). (Appeal from Judgment of Ontario County Court, Harvey, J.— Burglary, 2nd Degree.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.