THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. BEDARD, SR., Appellant. [696 NYS2d 745] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]), driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), obstructing governmental administration in the second degree (Penal Law § 195.05), and two traffic violations. We reject the contention of defendant that County Court abused its discretion by permitting him to proceed *pro se* without standby counsel. The court twice conducted a searching inquiry, establishing that defendant's waiver of the right to counsel was voluntary and intelligent and that defendant was aware of the risks of self-representation (*see, People v Mirenda*, 57 NY2d 261, 266). Defendant's lack of legal skills and knowledge was not a proper ground for denying defendant's request to proceed *pro se* (*see, People v Coleman*, 210 AD2d 977) and did not require the court to provide defendant with a hybrid form of representation (*see, People v Mirenda, supra*, at 265).

Defendant failed to preserve for our review his contention that the evidence of physical force or interference is insufficient to sustain his conviction of obstructing governmental administration in the second degree (Penal Law § 195.05; *see, People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to

review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.