■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIE E. DANIELS, Appellant. [747 NYS2d 821] —Appeal from a judgment of Wyoming County Court (Dadd, J.), entered November 9, 2000, convicting defendant upon his plea of guilty of, inter alia, criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: After defendant knowingly and intelligently waived his right to counsel (see People v Vivenzio, 62 NY2d 775, 776; People v Hodge, 255 AD2d 943, lv denied 93 NY2d 874, 926), County Court, in the exercise of its discretion, appointed standby counsel to assist defendant. Defendant, however, had no constitutional right to the appointment of standby counsel (see People v Rodriguez, 95 NY2d 497, 501; People v Mirenda, 57 NY2d 261, 265), and thus we reject his contention that he was denied his right to counsel based on the absence of standby counsel at the plea proceeding. In any event, defendant explicitly waived the presence of standby counsel at the plea proceeding, and we perceive no basis to deem that waiver ineffective. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONDELL J. PAUL, Appellant. [747 NYS2d 821] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered May 15, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed under the count of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed for robbery in the first degree under counts 10 through 13 of the indictment, as renumbered by County Court, and as modified the judgment is affirmed.

Same Memorandum as in People v Paul (Tajuan) (298 AD2d 849). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.