THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PETTUS, Appellant. [803 NYS2d 186]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered June 18, 2003, convicting him of grand larceny in the third degree, welfare fraud in the third degree, and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of 3½ to 7 years on the convictions of grand larceny in the third degree and welfare fraud in the third degree, and consecutive indeterminate terms of imprisonment of 2 to 4 years on each of the convictions of offering a false instrument for fil-

ing in the first degree, to run concurrently with the terms of imprisonment imposed on the other convictions, and imposing additional concurrent terms of imprisonment of one year each for the crimes of grand larceny in the fourth degree and welfare fraud in the fourth degree.

Ordered that the judgment is modified, on the law, by (1) vacating the sentences imposed for the crimes of grand larceny in the fourth degree and welfare fraud in the fourth degree, and (2) directing that all the remaining sentences run concurrently with each other; as so modified, the judgment is affirmed.

After the defendant knowingly, voluntarily, and intelligently waived his right to counsel (*see Faretta v California,* 422 US 806 [1975]; *People v Arroyo,* 98 NY2d 101 [2002]; *People v Smith,* 92 NY2d 516 [1998]), the Supreme Court, in the exercise of its discretion, appointed standby counsel to assist the defendant. The defendant, however, purported to change his mind and request counsel only after it became clear to him that the Supreme Court would not permit standby counsel to provide dual representation at trial. It appears that the defendant raised the specter of proceeding with counsel only as a means of procuring a hybrid form of representation, to which he was not entitled (*see People v Rodriguez,* 95 NY2d 497 [2000]; *People v Mirenda,* 57 NY2d 261 [1982]). When the Supreme Court properly explained to the defendant that he would not be permitted to control every facet of counsel's representation, he unequivocally reasserted his desire to proceed pro se. Therefore, we reject his contention that he was denied his right to counsel based on the Supreme Court's comments, or that his application to proceed pro se was equivocal and therefore should have been denied (*see Williams v Bartlett,* 44 F3d 95 [1994]; *People v McIntyre,* 36 NY2d 10 [1974]; *cf. People v LaValle,* 3 NY3d 88 [2004] [defendant wavered in request for self-representation but when warned about perils of self-representation, smiled and said nothing]). Moreover, inasmuch as a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial (*see People v Mirenda, supra*), the Supreme Court providently exercised its discretion in limiting the defendant's access to standby counsel to breaks in the trial, and such limitation cannot be considered an infringement upon the defendant's rights to counsel or to due process (*see People v McIntyre, supra*; *People v Daniels,* 298 AD2d 854 [2002]).

The claimed error in the jury charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273 [1983]; *People v Nuccie,* 57 NY2d 818 [1982]; *People v Holzer,* 52

NY2d 947, 948 [1981]; *People v De Mauro,* 48 NY2d 892) and, under the circumstances of this case, we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]).

As the defendant's convictions of offering a false statement for filing, grand larceny in the third degree, and welfare fraud in the third degree, were part of the same act, the Supreme Court erred in imposing consecutive sentences on the convictions of offering a false statement for filing. Accordingly, we modify those sentences to run concurrently (*see People v Ramirez,* 89 NY2d 444, 452-453 [1996]; *People v Laureano,* 87 NY2d 640, 644 [1996]; *People v Scotti,* 232 AD2d 775 [1996]). As so modified, the sentences imposed were neither harsh nor excessive (*People v Suitte,* 90 AD2d 80 [1982]).

The People correctly concede that since the defendant was not convicted of the crimes of grand larceny in the fourth degree and welfare fraud in the fourth degree, he should not have been sentenced on those charges (*see* CPL 300.40 [3] [b]; *People v Lee,* 39 NY2d 388, 390 [1976]; *People v Grier,* 37 NY2d 847 [1975]; *People v Garofalo,* 192 AD2d 619 [1993]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.