█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PAGUAY, Appellant. [18 NYS3d 354]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 30, 2013, convicting him of attempted murder in the second degree, assault in the first degree, burglary in the second degree (two counts), aggravated criminal contempt, criminal contempt in the first degree, criminal possession of a weapon in the fourth degree, rape in the first degree, assault in the second degree, assault in the third degree, unlawful imprisonment in the first degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

"A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions" (*People v Graham*, 129 AD3d 860, 861 [2015]; *see* US Const Sixth Amend; NY Const, art I, § 6). Here, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing the record in its totality, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

As the People correctly concede, the defendant's conviction of assault in the third degree must be vacated and that count of

the indictment dismissed as an inclusory concurrent count of assault in the second degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.05 [2]; 120.00 [1]). Eng, P.J., Chambers, Roman and Barros, JJ., concur.