Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered May 26, 2016, convicting him of vehicular manslaughter in the second degree, criminally negligent homicide, driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192 (4), reckless driving, and aggravated unlicensed operation of a motor vehicle in the third degree, after a nonjury trial, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of vehicular manslaughter in the second degree (Penal Law § 125.12 [1]) and criminally negligent homicide (Penal Law § 125.10) beyond a reasonable doubt (see People v Davis, 112 AD3d 959, 960-961 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]).
 

 The defendant contends that the Supreme Court limited his ability to seek advice from standby counsel. This contention, as the defendant acknowledges, is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event,
 

 the record does not support his claim that the court limited his ability to seek advice from standby counsel. A criminal defendant has no federal or state constitutional right to hybrid representation (see People v Rodriguez, 95 NY2d 497, 501 [2000]; People v White, 73 NY2d 468, 477 [1989]). Thus, a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial (see People v Rodriguez, 95 NY2d at 501; People v Mirenda, 57 NY2d 261, 265-266 [1982]). Although a court may appoint standby counsel to assist a pro se defendant, the assignment of standby counsel is a matter of trial management. As such, it is subject to the discretion of the trial court (see People v Mirenda, 57 NY2d at 266). Contrary to the defendant’s contention, the court providently exercised its discretion in limiting the defendant’s access to standby counsel, inter alia, to breaks in the trial (see People v Pettus, 22 AD3d 869, 870 [2005]).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.