RIVERA, J. (dissenting).
Defendant Spence Silburn claims he was deprived of his constitutional right to self-representation when the trial judge treated his unequivocal request to proceed pro se as if it were conditioned on receiving the assistance of standby counsel. This particular **803 trial judge had a uniform rule against "legal advisors," and informed the defendant that, in his courtroom, "[y]ou either have a lawyer, or you don't have a lawyer." The judge assumed that, given this binary choice, the defendant retracted his request to represent himself.
The judge's policy of denying all requests for standby counsel, regardless of the seriousness of the case or the defendant's sentencing exposure, appears based on this Court's decision in People v. Mirenda, in which a majority of this Court held that "[a] defendant has no constitutional right ... to the assistance of a lawyer while conducting a pro se defense" ( 57 N.Y.2d 261, 264, 455 N.Y.S.2d 752, 442 N.E.2d 49 [1982] ). Over 3½ decades ago, when the Court decided Mirenda, access to standby counsel was understood to be primarily "a matter of trial management" ( id. at 266, 455 N.Y.S.2d 752, 442 N.E.2d 49 ). The constitutional right to proceed pro se was, then, only a few years old (see People v. McIntyre, 36 N.Y.2d 10, 364 N.Y.S.2d 837, 324 N.E.2d 322 [1974] [recognizing a right to proceed pro se under the New York State Constitution]; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 [1975] [recognizing the same under the Federal Constitution] ). The American Bar Association Standards for Criminal Justice, which have proved the pre-eminent restatement of constitutional norms and best practices (see Hon. Martin Marcus, The Making of the ABA Criminal Justice Standards: Forty Years of Excellence, 23 Crim Just 10 [Winter 2009] ), and which this Court cited in its decision in Mirenda (see 57 N.Y.2d at 266, 455 N.Y.S.2d 752, 442 N.E.2d 49 ), said relatively little at the time about standby counsel or when defendants were entitled to it, other than to suggest mandatory appointment for the most serious and complex of cases (see ABA Standards for Criminal Justice, Special Functions of the Trial Judge, standard 6-3.7 [2d ed] [observing *719 that "the trial judge should consider the appointment of standby counsel" and that such counsel "should always be appointed in cases expected to be long or complicated or in which there are multiple defendants"] ). The formal status of standby counsel was, then, a newly legal and mostly untested development.
More than 30 years' experience has demonstrated the importance of standby counsel for enabling defendants to vindicate their fundamental constitutional rights. It is now widely acknowledged that standby counsel help strike the delicate, necessary balance between defendants' constitutional right to counsel and their constitutional right to proceed pro se. This is reflected in the updated edition of the American Bar Association Standards for Criminal Justice, Special Functions of the Trial Judge, which now calls for the mandatory appointment of standby counsel where a defendant faces a capital charge or the possibility of lifetime imprisonment without parole, and observes categorically that "[s]tandby counsel should ordinarily be appointed" not only where "trials [are] expected to be long or complicated or in which there are multiple defendants" but also "in any case in which a severe sentence might be imposed" (ABA Standards for Criminal Justice, Special Functions of the Trial Judge, standard 6-3.7[a] [3d ed]; see also id. , Commentary ["The overriding interest in appointing standby counsel ... is to facilitate the function of the criminal justice process, while protecting the autonomy of the defendant and the principles and policies underlying the right to counsel."]; Anne Bowen Poulin, The Role of Standby Counsel in Criminal Cases: In the Twilight Zone of the Criminal Justice System, 75 NYU L Rev 676 [2000] [exploring the importance of standby counsel to the criminal justice system]; Jona Goldschmidt, **804 Judging the Effectiveness of Standby Counsel: Are They Phone Psychics? Theatrical Understudies? Or Both?, 24 S Cal Rev L & Soc Just 133 [2015] [arguing for a constitutional right to standby counsel] ). This near-universal agreement on the importance of standby counsel reflects a shift in prevailing legal norms. In other words, times have changed and the trend has been in favor of appointment of standby counsel to ensure the rights of the accused and the integrity of our criminal justice system.*
Nevertheless, defendant does not challenge whether the trial judge's unwavering rule against standby counsel is permissible under Mirenda, nor does he directly attack Mirenda 's holding. Instead, he claims that he made an unequivocal request to proceed pro se, not conditioned on his additional request for legal assistance. Given defendant's challenge as limited on appeal to this Court, I agree, for the reasons discussed in Judge Wilson's dissent, that defendant is entitled to a new trial because he was deprived of his constitutional right to proceed pro se. I also agree with the dissent's analysis of CPL 250.10 and its conclusion that the majority has misinterpreted the statutory language and legislative purpose of the notice requirement as applied to subsection (1)(c), but, on the facts of this case, the trial court error was harmless.
Order affirmed.
Judges Stein, Fahey, Garcia and Feinman concur. Judge Wilson dissents in an opinion, in which Judge Rivera concurs in a separate dissenting opinion.

Defense counsel represented at oral argument that few New York courts bar standby counsel based on a categorical rule and the vast majority provide for their appointment.