People v Bussey (2020 NY Slip Op 04484)





People v Bussey


2020 NY Slip Op 04484


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-03747
 (Ind. No. 1542/17)

[*1]The People of the State of New York, respondent,
v
William C. Bussey, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Francis Ricigliano, J.), rendered February 16, 2018, convicting him of burglary in the first degree, assault in the second degree, assault in the third degree (two counts), criminal possession of a weapon in the third degree, unlawful imprisonment in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and the facts, by vacating the convictions of assault in the third degree (two counts), vacating the sentences imposed thereon, and
dismissing those counts of the indictment; as so modified, the judgment is affirmed.
As the People concede, the defendant's conviction of assault in the third degree under count eight of the indictment must be vacated as an inclusory concurrent count of assault in the second degree (see CPL 300.40[3][b]; Penal Law §§ 120.05[2]; 120.00[1]; People v Paguay, 132 AD3d 1014, 1014-1015). Accordingly, we vacate the conviction of assault in the third degree under count eight of the indictment and the sentence imposed thereon, and dismiss that count of the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the third degree under count one of the indictment is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). However, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we find that the verdict of guilt on this count was against the weight of the evidence as to the element of physical injury (see Penal Law §§ 10.00[9], 120.00[1]; see Matter of Philip A., 49 NY2d 198, 200; People v Perry, 122 AD3d 775, 776). Accordingly, we vacate the conviction of assault in the third degree under count one of the indictment and the sentence imposed thereon, and dismiss that count of the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction of unlawful imprisonment in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on this count. Moreover, upon the exercise of our [*2]factual review power, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342).
The defendant's contention that the Supreme Court erred when it placed limitations on his ability confer with standby counsel is without merit. The defendant chose to proceed pro se. A defendant who elects to proceed pro se is not guaranteed standby counsel under the State or Federal Constitution (see People v Mirenda, 57 NY2d 261, 265). Moreover, a criminal defendant does not have a right to hybrid representation (see People v Rodriguez, 95 NY2d 497, 501; People v Mirenda, 57 NY2d at 265). Accordingly, the limitations that the court placed on the defendant's ability to confer with standby counsel did not violate his rights under the State or Federal Constitution and were a provident exercise of its discretion (see People v Simmons, 155 AD3d 782, 783; People v Pettus, 22 AD3d 869, 870).
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court