People v Cullins (2020 NY Slip Op 07219)





People v Cullins


2020 NY Slip Op 07219


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-10795
2019-03423
 (Ind. No. 1478/17)

[*1]The People of the State of New York, respondent,
v Ivan Cullins, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered August 1, 2018, convicting him of assault in the second degree, assault in the third degree, criminal possession of a weapon in the third degree, attempted criminal contempt in the second degree, and aggravated family offense, after a nonjury trial, and imposing sentence, and (2) a resentence of the same court imposed September 21, 2018. The appeal from the judgment brings up for review the denial, after a hearing (William J. O'Brien, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. 
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the conviction of assault in the third degree and dismissing that count of the indictment; as so modified, the judgment is affirmed insofar as reviewed; and it is further, 
ORDERED that the resentence is modified, on the law, by vacating the resentence imposed on the conviction of assault in the third degree; as so modified, the resentence is affirmed. 
The defendant's contention that the Supreme Court erred in failing to suppress physical evidence and statements he made to law enforcement officials is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. 
At the suppression hearing, the evidence established that the police responded to a report of a "violent domestic" between a man, later identified as the defendant, and his sister, and that the defendant had stabbed her. Upon arrival, there was a crowd gathered outside the home, and a bystander informed the police that the complainant was being held inside the home by the defendant. The police discovered that the front door to the home was locked. The complainant then exited the premises in a distressed emotional state with a large contusion on her eye, and blood running down her leg. The police entered the home and saw the defendant within arm's reach of a knife. The defendant was placed under arrest. Contrary to the defendant's contention, the record [*2]supports the Supreme Court's determination that the police were presented with an emergency situation that justified a warrantless entry into his home (see People v Mitchell, 39 NY2d 173, 177-178; People v Anglin, 178 AD3d 839, 840; People v Timmons, 54 AD3d 883, 884). 
However, as the People concede, the defendant's conviction of assault in the third degree must be vacated as an inclusory concurrent count of assault in the second degree (see CPL 300.40[3][b]; Penal Law §§ 120.05[2]; 120.00[1]; People v Bussey, 186 AD3d 618, 619; People v Paguay, 132 AD3d 1014, 1014-1015). Accordingly, we vacate the conviction of assault in the third degree and the resentence imposed thereon, and dismiss that count of the indictment.
The defendant's remaining contention is without merit. 
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court